DISABLED AMERICAN VETERANS CONVENTION CORPORATION OF GREEN BAY, Plaintiff, vs. SMITH, State Treasurer, Defendant.

*June 4—June 24, 1940.*

A brief was also filed by *Roberts, Roe & Boardman* of Madison, as *amicus curiæ*.

FRITZ, J.  The facts in this action, in so far as material to the determination of the issues of law raised by defendant's demurrer to the relator's complaint, are similar, excepting in the respects hereinafter stated, to the facts in the case of *State ex rel. American Legion 1941 Conv. Corp. v. Smith, ante,* p. 443, 293 N. W. 161; and the decision in that case rules this in relation to the relator's prayer for judgment for a peremptory writ of *mandamus.*  There is no prayer for declaratory relief in relator's petition.

An additional issue of law is raised because of the following facts.  The relator's articles of organization, as a Wisconsin corporation, were executed on September 22, 1939, filed with the secretary of state on September 28th, and recorded on October 2d in the office of the register of deeds. Consequently, under sec. 180.02 (2), Stats., the relator had no legal existence as a corporation until that date.  In the meantime, the bill enacted as ch. 495, Laws of 1939, under which relator claims to be entitled to the payment sought to be compelled by *mandamus,* was passed in the assembly on September 20th, concurred in by the senate on September 22d, and reported correctly enrolled on September 28th. It was not approved by the governor until October 3d, and it did not become effective until it was published on October 5th as ch. 495, Laws of 1939, in the official newspaper of the state.  Defendant contends the appropriation under the act is invalid because in designating the relator as the instrumentality which is to use the appropriation, the relator is described as a corporation "now in existence."  That was not quite correct in point of time when the legislature acted in relation to the bill.  But the description had become true and was applicable to the relator before the governor's approval and the official publication of the bill, which render it effective as a law.  Moreover, there is no claim that there is any doubt that the relator is the corporation which it

was the legislative intent to designate as the instrumentality in question. Consequently, the appropriation cannot be deemed to have been made to but a nonentity, and to fail for that reason.

*By the Court.*—In the exercise of the original jurisdiction of this court, it is adjudged and decreed that the warrant No. H-13963 drawn and issued by Fred R. Zimmerman, as secretary of state, on February 26, 1940, to the defendant John M. Smith, as state treasurer, to make payment of the sum of $4,000 to the relator, Disabled American Veterans Convention Corporation of Green Bay, is hereby declared void and of no effect; and that the relator's application for a peremptory writ directed to the said defendant commanding him to honor said warrant be and is hereby denied.